I do not believe we should affirm the judgment of the trial court without more. It seems to me that the municipal lease herein, or similar ones, should be subject to a timely taxpayer challenge that under the particular factual circumstances the execution of the lease does not serve a predominantly public purpose. Determination of such a challenge should not be restricted solely to an inquiry whether the "lease does not violate the Constitution by being coupled with the issuance of bonds or the acquisition of lands by purchase or eminent domain" nor to whether execution of the lease is "arbitrary and unfounded".
I think that a constitutional inquiry can also be made to ascertain whether the State or one of its agencies, subdivisions or local units has, contrary to Florida Constitution, Article VII, § 10, "become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person" in determining the validity of a municipal lease. *Page 579 
The same presumption of regularity that is accorded a municipality in the issuance of bonds and in the acquisition of lands and in the statutory granting of tax exemption should be accorded a municipality in the determination of the validity of its lease, subject to refutation by the challenger.
From reading the orders and final judgment of the trial judge, I note that he did not make any finding upon the challenge that the proposed lease did not pass muster under Florida Constitution, Article VII, § 10.
I think he should have made such a factual finding just as did the trial judge in the airport leases case of Hillsborough County Aviation Authority v. Walden (Fla.) 210 So.2d 193. In other words, he should have found whether the public or private interest would predominate in the execution of the lease just as the trial judge did in the Walden case in determining whether tax exemption of the airport leases was allowable. Both, i.e., execution of a municipal lease or a grant of tax exemption, are transactions that may illegally aid private interests.
It is true the statutes authorize execution of municipal leases in certain instances and they also authorize exemption from municipal taxes in certain instances, but in each instance Florida Constitution, Article VII, § 10, supervenes and predominates and the factual considerations in each transaction must be weighed, first administratively, and then judicially, if the administrative decision is challenged.
It is noted from the District Court opinion the trial judge as a matter of law ruled for the City. He made no evidentiary finding that the lease primarily served a public purpose based upon the particular facts. Merely because a city is empowered by law or ordinance to execute a lease of municipal land is not the final answer. Under the Constitution it is an open factual question whether the execution of a particular lease serves a public purpose. A public purpose, of course, could be that particular land is surplus and will not be needed during the foreseeable future (within the term of the proposed lease) for a municipal purpose and that it would be improvident not to derive private rents from it in the interim. Nothing of this sort appears in the record or was found by the trial judge in this case. An evidentiary hearing appears appropriate. This I believe is the proper construction of Florida Constitution, Article VII, Section 10, and not the construction set forth in the majority opinion.
I would reverse the District Court decision insofar as it holds against the City lease as a matter of law for the reasons stated in its opinion and remand for a factual determination as above explicated.